FILED
United States Court of Appeals
Tenth Circuit

June 8, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALVIN LESLIE DAVIS, JR.,

        Petitioner - Appellant,

v.

DAVID MILLER, Warden,

        Respondent - Appellee.

No. 09-7114
(E.D. Oklahoma)
(D.C. No. 6:06-CV-00525-FHS-KEW)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **MURPHY**, **GORSUCH,** and **HOLMES**, Circuit Judges.

This matter is before the court on Alvin Leslie Davis, Jr.'s implied request

for a certificate of appealability ("COA").[1]  Davis needs a COA so he can appeal

the district court's denial of his 28 U.S.C. § 2254 petition.  28 U.S.C.

§ 2253(c)(1)(A).  Because Davis has not "made a substantial showing of the

---

[1]The district court did not address whether Davis was entitled to a COA.
Thus, pursuant to this Court's General Order of October 1, 1996, COA is deemed
denied.  *United States v. Kennedy*, 225 F.3d 1187, 1193 n.3 (10th Cir. 2000)
("Under our Emergency General Order of October 1, 1996, we deem the district
court's failure to issue a [COA] within thirty days after filing the notice of appeal
as a denial of the certificate.").  Davis has not requested a COA from this court.
Instead, he simply filed a brief addressing the merits of his habeas petition.
Nevertheless, his notice of appeal is deemed a request for a COA.  Fed. R. App.
P. 22(b)(2).

denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

An Oklahoma state jury convicted Davis of first degree malice aforethought murder and sentenced him to life imprisonment without the possibility of parole. After exhausting his state court remedies, Davis filed the instant § 2254 habeas petition raising the following two claims: (1) his retrial following a mistrial violated his constitutional right against double jeopardy; and (2) he was denied a fundamentally fair trial when the trial court admonished defense counsel in front of the jury. In an exceedingly thorough and well-stated opinion and order, the federal district court denied Davis's request for habeas relief.

The granting of a COA is a jurisdictional prerequisite to Davis's appeal from the dismissal of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Davis must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether Davis has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Davis need

-2-

not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Davis's appellate brief, the district court's well-stated opinion and order, and the entire record before this court, we conclude Davis is not entitled to a COA. In so concluding, this court has nothing to add to the comprehensive analysis set out by the district court in its opinion and order. Accordingly, this court **DENIES** Davis's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge